IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES AYCOCK, ID # 764082, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-1283-G |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.[1]

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

---

[1] Although this action could be construed as a non-habeas civil action based on petitioner's mention of several other statutory bases, the Court declines to construe it in that manner. Petitioner submitted a habeas petition and the Court has granted him permission to proceed with a habeas action *in forma pauperis*. Furthermore, petitioner has had, on at least three prior occasions, a prisoner civil action dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. *See Aycock v. Neal Unit Officers*, No. 2:04-CV-0261 (N.D. Tex. June 13, 2005) (order of dismissal); *Aycock v. Burnett*, No. 2:04-CV-0193 (N.D. Tex. June 13, 2005) (order of dismissal); *Aycock v. Miller*, No. 2:04-CV-0196 (N.D. Tex. May 9, 2005) (order of dismissal). He is thus barred from pursuing a non-habeas civil action *in forma pauperis* under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Because petitioner has not paid the $250 filing fee for a non-habeas civil action, he may not proceed with this action as a civil action under the PLRA.

C. <u>Statement of the Case</u>: In 1994, petitioner pled *nolo contendere* to a charge of unauthorized use of a motor vehicle in Cause No. F94-61749. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He did not appeal this conviction. (*Id.* ¶ 8.) He has filed no petition, application, or motion relating to this conviction in state court. (*Id.* ¶ 10.) Petitioner concedes that the instant federal petition is the first time he has raised any of his claims to any court. (*Id.* at ¶ 22.) Furthermore, in conclusory fashion, he remarks that "[w]hen the government's fault contributes to the failure to exhaust administrative remedies, an exception to the bar may be made." (*Id.* at 5)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present claims that challenge his conviction to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The requirement, however, is not absolute. *See* 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust). Exhaustion is not

required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)).

In this case, petitioner has presented no claim related to his 1994 conviction to the Texas Court of Criminal Appeals. Although he makes a conclusory remark regarding an exception to the exhaustion requirement, he presents nothing to indicate that his state remedies are unavailable. He presents nothing to indicate that it would be futile to pursue his state remedies. He has not carried his burden to show that an exception to the exhaustion requirement applies. The Court should find no exception to the exhaustion requirement applicable to this case and further find that petitioner has not exhausted his state remedies.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted

3

claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised herein. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies, and the Court should dismiss this action.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 3rd day of August, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE